IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ELLEN OUDINOT-ROBERTSON,

    Plaintiff,

vs.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.

Case No. 1:16-cv-00882-JR
**OPINION AND ORDER**

---

AIKEN, Judge:

On August 7, 2017, Magistrate Judge Russo filed her Findings and Recommendation ("F&R") (doc. 20), recommending this Court reverse and remand for further proceedings in this Social Security disability appeal. The F&R is now before me pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. I review *de novo* those portions of the F&R to which objection is made. 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004).

Judge Russo concluded the ALJ erred at step two when he determined plaintiff's fibromyalgia was not a medically determinable impairment. The Commissioner argues any error

at step two was harmless because the ALJ took fibromyalgia symptoms such as pain and fatigue into consideration when formulating the RFC. The Commissioner faults Judge Russo for adopting a "*per se* harmful error rule." Obj. F&R 3. To the contrary, Judge Russo correctly applied the harmless error rule, which requires remand unless the record clearly shows the ALJ considered, at step four and/or five, limitations posed by the impairment excluded at step two. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Judge Russo carefully parsed the ALJ's decision and found evidence the ALJ had deliberately excluded fibromyalgia symptoms from consideration at steps four and five. In her objections, the Commissioner cites other portions of the ALJ's decision that purportedly show the ALJ did, in fact, consider those symptoms in formulating the RFC. Even assuming the Commissioner's interpretation of the evidence is correct, conflicting evidence renders the decision ambiguous. That ambiguity prevents me from finding the error at step two harmless.

Having performed an independent review of the record, I agree that the ALJ harmfully erred at step two. I ADOPT Judge Russo's F&R (doc. 20). This case is REVERSED AND REMANDED for further proceedings.

IT IS SO ORDERED.

Dated this 21st day of ~~August~~ September 2017.

_____
Ann Aiken
United States District Judge